# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**LEONARD A. DANEMAN,**

    Plaintiff Pro Se,

v.                                                                                            No. CIV 99-1038 BB/KBM

**TOWER PLAZA, L.L.C.,**
**and its ASSIGNS & SUCCESSORS,**

    Defendant.


## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff's Motion to Reconsider (Doc. 86), filed December 6, 2000.  The Court has reviewed Plaintiff's arguments and the relevant authorities and finds that Plaintiff's motion should be DENIED.

The attached Order also addresses a procedural matter regarding Judge James Parker's Order of Consolidation issued November 16, 2000.  On that date, the parties in this matter verbally agreed to a consolidation of the above-captioned case with CIV No. 00-1372 MV/WWD, Daneman v. Fireman's Fund Insurance Company.  Plaintiff Daneman later moved to vacate the order of consolidation.[1]  Pursuant to this Order and the Court's November 22, 2000, Order granting summary judgment for Defendant Tower Plaza on all counts, CIV No. 99-1038, Daneman v. Tower Plaza, is terminated.  Consolidation of CIV No. 00-1372 with CIV No. 99-1038 is therefore inappropriate.  The Court instead orders a transfer of CIV No. 00-1372 from

---

[1] See Plaintiff's Motion to Reverse or Retract Order of Consolidation (Doc. 82), filed November 17, 2000.

Judge Martha Vasquez to this Court.  CIV No. 00-1372, Daneman v. Fireman's Fund Insurance Company, will maintain its original case number.  Chief Judge William Deaton remains the Magistrate Judge assigned to this case.

## DISCUSSION

The Plaintiff, Mr. Daneman, does not specify the rule of civil procedure under which he moves for reconsideration.  Under the law of the Tenth Circuit, any motion filed within ten days of a judgment that questions the correctness of that judgment will be treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  Phelps v. Hamilton, 122 F.3d 1309, 1323 (10th Cir. 1997).  Because Mr. Daneman's motion was filed within 10 days of the Court's issuance of summary judgment, the Court will consider the motion pursuant to Rule 59(e).  A Rule 59(e) motion to alter or amend the judgment should be granted only to "correct manifest errors of law or to present newly discovered evidence."  Id. at 1324 (quoting Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992).  In determining whether to grant or deny a Rule 59(e) motion, the district court is vested with considerable discretion.  Brown v. Presbyterian Health Care Services, 101 F.3d 1324, 1332 (10th Cir. 1996).

Mr. Daneman has not presented the Court with newly discovered evidence in his motion to reconsider.[2]  Therefore, Mr. Daneman's motion must demonstrate that the Court has made a

---

[2]Mr. Daneman points to certain evidence that he believes the Court "overlooked" in its November 22 Memorandum Opinion granting summary judgment to Tower Plaza.  First, Mr. Daneman cites a warning by his primary physician that carrying heavy objects up five flights of stairs could reverse the effects of surgical correction of his hernias.  (The Court notes once again that Mr. Daneman has elected not to seek surgical treatment of his hernias.)  To the contrary, the Court considered the medical testimony supplied by Mr. Daneman.  However, as discussed below,

"manifest error in the law" in granting summary judgment for Defendant Tower Plaza.  See

Campbell at 1523.  Mr. Daneman has submitted no authority to the Court in support of his motion

that would suggest the Court erred in its interpretation of the law.  Rather, his motion is

composed of lengthy, self-crafted arguments which, although seemingly well-drafted, are

supported for the most part by no authority other than Mr. Daneman's own conviction.  The

Court will briefly address the most significant of these arguments.

     First, Mr. Daneman again argues that he was denied the opportunity to fully and fairly

litigate his case in metropolitan court and that, as a result, his claims are not barred by res

---

the Court found the multiple federal cases holding that a hernia is not a disability entitling a person to protection under the ADA to be controlling of this issue.

     With respect to his retaliation claims, Mr. Daneman refers the Court to the affidavit of Jim Baker to support his claim that the name of his photography studio was removed from the lobby of Tower Plaza, allegedly by the Defendant, at some point during the month of May 1999.  First, the Court would refer Mr. Daneman to his pleadings and to his own affidavit, which claim that his business name was removed from the lobby's directory "shortly after [Plaintiff's] October 23, 1998 rent abatement filing."  Affidavit of Leonard Daneman at ¶ 4.  Second, as the Court's Memorandum Opinion makes clear, the date of the alleged removal of Mr. Daneman's business listing is material only insofar as it relates to Mr. Daneman's claim for retaliation under the FHAA.  See Memorandum Opinion at 23-27.  Mr. Daneman brought his FHAA claims in February 2000, well after the May 1999 date he now asks the Court to recognize.  As stated in the Memorandum Opinion, it is not possible that Tower Plaza's actions were taken in retaliation for Mr. Daneman's FHAA lawsuit because the alleged retaliatory action occurred prior to the filing of Mr. Daneman's claims under the FHAA.

     Finally, Mr. Daneman asserts that he has been denied his right to due process on the grounds that all his evidence was not before the Court at the time summary judgment was decided.  Mr. Daneman maintains that, because this case was consolidated with CIV No. 00-1372, Daneman v. Fireman's Fund Insurance Company, pursuant to an oral agreement by the parties, he failed to submit exhibits to the Court due to the change in trial date caused by the consolidation.  This argument has absolutely no merit.  The parties agreed to a consolidation of the two cases during a calendar call on November 16, 2000.  The deadline for submission of dispositive motions, pursuant to Magistrate Judge Molzen's July 31, 2000, Order (Doc. 44), was September 15, 2000, well before the consolidation.  All evidence to be considered by the Court in deciding summary judgment was required to be before the Court at that time.  See Fed. R. Civ. P. 56.

judicata. As stated in our Memorandum Opinion, the Court did not find "any reason to doubt the quality, extensiveness, or fairness" of Mr. Daneman's original metropolitan court proceedings. See Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir. 1988). Both parties were afforded notice, a hearing, and an opportunity to present witnesses. See Southworth v. Santa Fe Services, 125 N.M. 489, 492-93 (N.M. App. 1998) (noting that the "trappings required by due process" that afford a plaintiff full and fair litigation include such things as notice, hearing, and the right to present and cross-examine witnesses). Mr. Daneman asserts that, were he given more time, certain witnesses "would have revealed building code laws pertaining to time limits for [elevator] repair."³ However, it is a well-settled principle that res judicata bars a party from relitigating issues that were *or could have been raised* in the initial action. See, e.g., Satsky v. Paramount Communications, Inc., 7 F.3d 1464, 1467 (10th Cir. 1993). Mr. Daneman's proposed testimony regarding state building codes falls well within the category of evidence that could have been raised in his prior action. Although moving quickly to trial may, in hindsight, have been a poor strategic choice on the part of Mr. Daneman's original counsel, Mr. Daneman was not denied the opportunity to fully and fairly litigate his claim.

Second, Mr. Daneman argues at length that Tower Plaza's continued failure to repair the broken elevator created a new cause of action to which res judicata does not apply. His contention appears to be: 1) that at the time of his original action in metropolitan court Tower Plaza was undertaking steps to repair the elevator, and as a result was not yet in violation of

---

³The Court notes that Mr. Daneman has provided neither a copy of his witnesses' proposed testimony nor a sufficient citation to the building code regulations on which he relies. Without such authority the Court is hard-pressed to evaluate the legal merit of Mr. Daneman's argument.

landlord-tenant laws[4] that provide for a period of, in Mr. Daneman's words, "allowable temporary nuisance"; 2) sometime after the original action, Tower Plaza ceased to attempt repair of the elevator, at which point the nuisance was no longer "temporary"; and 3) this cessation of repair caused Tower Plaza to incur new legal obligations to its tenants. Although this has been the crux of Mr. Daneman's arguments throughout this lawsuit, the Court has found no authority in support of Mr. Daneman's position and he has provided none.[5] As stated in the Court's Memorandum Opinion, each of Mr. Daneman's claims arises from the same transaction, the initial malfunction of the elevator, and is therefore barred by res judicata. See Memorandum Opinion at 8-13. Although the broken elevator may properly be characterized as a continuing nuisance, Mr. Daneman precluded the option of bringing suit under a theory of continuing nuisance by electing an award of future damages. See id. at 13-16.

Third, Mr. Daneman contests the Court's holding that a hernia is not a disability for which he is entitled to protection under the ADA. The Court notes initially that Mr. Daneman's ADA claims fail as a matter of law for two additional reasons: 1) they are barred by res judicata; and 2) damages, the remedy sought by Mr. Daneman, are not available to him under Title III of the ADA. See Memorandum Opinion at 20-23. With respect to Mr. Daneman's status as "disabled" within the meaning of the Act, the Court has carefully considered this issue and recognizes that the determination of a claimant's disability must often be resolved on a case-by-case basis. See 28

---

[4]Specifically, Mr. Daneman alleges that Tower Plaza has violated various provision of the New Mexico Uniform Owner-Resident Relations Act, NMSA §§ 47-8-1 - 47-8-51 (Michie 1978).

[5]Although Mr. Daneman includes references to various cases, statutes and legal treatises, the Court has found these citations to be overly vague and not on point.

C.F.R. Pt. 36, App. B.  However, this is not such a case.  Several federal courts have specifically addressed the question of whether a hernia is a disability protected under the ADA, and all have concluded that it is not.  See Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 17 F. Supp.2d 271, 273-74 (S.D.N.Y. 1998); Green v. Rosemount Indus., Inc., 5 F. Supp.2d 568, 572-73 (S.D. Ohio 1998); Gonzalez v. Perfect Carton Corp., 1996 WL 84058, *6 (N.D. Ill., Feb. 28, 1996).  The Court finds that this issue is controlled by precedent.

Finally, Mr. Daneman argues that Tower Plaza has retaliated against him in violation of the New Mexico Uniform Owner-Resident Relations Act, NMSA §§ 47-8-1 - 47-8-51 (Michie 1978).  The retaliation provision of the Act states in relevant part:

> An owner may not retaliate against a resident who is in compliance with the rental agreement and not otherwise in violation of any provision of the Uniform Owner-Resident Relations Act...by increasing rent, decreasing services or by bringing or threatening to bring an action for possession because the resident has within the previous three months...prevailed in a lawsuit as either plaintiff or defendant or has a lawsuit pending against the owner relating to the residency.

NMSA § 47-8-39.  The Court did not specifically address this retaliation claim in our November 22 Memorandum Opinion.  After a thorough review of Mr. Daneman's amended complaint the Court finds that, construing his pleadings liberally as required[6], his amended complaint adequately raises a retaliation claim under the Uniform Owner-Resident Relations Act.  See Plaintiff's Amended Complaint (Doc. 20) at ¶¶ 16-17.  Because the alleged retaliatory actions by Tower Plaza occurred after the issuance of the metropolitan court judgment this claim is not barred by res judicata.  See Phelps v. Hamilton, 122 F.3d 1309, 1321 (10th Cir. 1997) (res judicata cannot

---

[6]The Court is required to construe pro se pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

be given the effect of extinguishing claims which did not exist at the time of the original action); accord Anaya v. City of Albuquerque, 122 N.M. 326, 330 (N.M. App. 1996). This claim for retaliation raises several issues of state law[7] and the Court declines to address it here. However, the Court will dismiss this claim without prejudice.

In short, the Court has reviewed Mr. Daneman's motion for reconsideration and finds that, per the standard of review for a Rule 59(e) motion, Mr. Daneman has failed to introduce newly discovered evidence or demonstrate that the Court made a manifest error in the law in granting summary judgment for Tower Plaza. However, the Court also recognizes that Mr. Daneman potentially states a pendent state law claim for retaliation under the New Mexico Uniform Owner-Resident Relations Act, NMSA § 47-8-39. With respect to this one claim only the Court will dismiss without prejudice. As stated in the Court's November 22 Order, all remaining state law claims are dismissed with prejudice on the ground that they are barred by res judicata.

Dated at Albuquerque this 19th day of December, 2000.

*[signature: Bruce D. Black]*
BRUCE D. BLACK
United States District Judge

---

[7] New Mexico authority interpreting this provision of the Uniform Owner-Resident Relations Act is scarce.